## WHALEY FARM CORPORATION, Appellant, v. John BIELOH et al., Appellees. (No. 3633.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 19, 1928.

Rehearing Denied Nov. 29, 1928.

See, also, 9 S.W.(2d) 273.

Leachman & Gardere and Joyce Cox, all of Dallas, for appellant.

R. M. Hubbard and O. B. Pirkey, both of New Boston, for appellee.

HODGES, J. On July 20, 1928, John Bieloh filed in the district court of the Fifth judicial district of Texas, in Bowie county, an application for an injunction to restrain the Whaley Farm Corporation and Geo. S.

Leachman from obstructing a public road crossing land owned by the Whaley Farm Corporation. He alleged that the road was a public highway, and was the only practicable route for him to travel in transporting his timber to a station on the railroad. He also stated facts which, if true, tend to show that the road in controversy had become a public road by long use, and that he sustained a special injury by its obstruction. He asked for a mandatory order, commanding Leachman and the Whaley Farm Corporation to remove the obstructions which they had placed across the road, and an injunction restraining them from further interfering with his use of that road.

Upon presentation of that petition, Hon. Hugh Carney, judge of the Fifth judicial district of Texas, in chambers, issued a temporary restraining order granting the relief prayed for. On July 30 following that date the Whaley Farm Corporation and Geo. S. Leachman filed an answer, which consisted of special and general exceptions and general and special denials. They further alleged, in substance, that the road across the Whaley Farm Corporation land was not a public highway, but a private road, which had been used only by a few people by permission of the Whaley Farm Corporation at a time when the land was unfenced; that the land had later been inclosed with a fence, and was being used by the owner for the purpose of pasturing stock. They also charged various acts of trespass on the land, committed by Bieloh and his agents and employees, such as cutting a fence which defendants had erected across the roadway on their land, and driving loaded vehicles across the land. The prayer was for a dissolution of the temporary order theretofore issued at the instance of Bieloh, and for an injunction restraining him from removing the fence placed across the road and from further trespassing on the land. The answer and the cross-bill, as well as the petition of Bieloh, were properly verified.

On the same day, July 30, upon a hearing in chambers, the district judge sustained special exceptions to a portion of Bieloh's petition without dismissing the suit, and set aside the temporary restraining order previously granted. He also at the same hearing refused to grant the temporary injunction prayed for by the Whaley Farm Corporation. Immediately thereafter the Whaley Farm Corporation perfected an appeal to this court. Bieloh did not appeal from the order dissolving the temporary order, which had theretofore been granted upon his application, but later filed an amended original petition, alleging substantially the same facts stated in his original application.

At a former day of this term, this appeal, prosecuted by Leachman and the Whaley Farm Corporation, came on for hearing in this court. 8 S.W.(2d) 273. Documentary evidence had been filed by the appellee, Bieloh, showing that since the appeal was perfected the commissioners' court of Bowie county had, in the manner prescribed by law, established a public highway over the roadway in controversy. It was thus made to appear that the controlling question involved had been settled. Upon that showing an order was entered by this court dismissing the appeal.

Within the time prescribed by law the appellants have filed a motion, in which they deny that there has been a final disposition of the controversy, and contend that it is still pending. They have asked that the case be reinstated, and the appeal from the refusal of the district judge to grant a temporary order at the instance of the appellants be considered. Upon further consideration we have decided to set aside the order dismissing the appeal, and to consider the appeal upon its merits.

No statement of facts appears in the record. So far as we are able to ascertain, the rights of the parties must be determined by the facts alleged in their pleadings. We cannot say that, upon those facts, the trial judge abused his discretion in refusing the temporary restraining order applied for by the appellants.

The judgment will therefore be affirmed.